WEAVER, J.
(dissenting). I dissent from the majority’s premature conclusion that plaintiffs standard-of-care expert is not qualified to testify under MCL 600.2169(1) regarding the appropriate standard of care in this case. Both plaintiffs expert and defendant Bhan specialized in critical care medicine. The majority holds, however, that plaintiffs expert must be, like defendant Bhan, board-certified in internal medicine because the majority states that Bhan was practicing internal medicine at the time of the alleged malpractice. Ante at 578 n 5.
The nature of the alleged malpractice cannot be confirmed with such certainty from the record, because the trial court never ruled on whether internal medicine was involved. It is not clear that defendant Bhan was practicing internal medicine or critical care at the time of the alleged malpractice. Apparently, even the majority is unable to determine with certainty the nature of the malpractice at issue, because the majority asserts that it is undisputed that defendant was practicing not only internal medicine at the time of the event in question, but also critical care medicine. Ante at 578 n 5 and 575.
Whether defendant Bhan was practicing critical care or internal medicine or a mix of both is essential to determining whether plaintiffs expert is qualified to testify regarding the appropriate standard of care under MCL 600.2169(1). MCL 600.2169(1) (emphasis added) states that:
*581 In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state ....
“Appropriate,” used as an adjective in the context of the statute means, “right for the purpose; suitable; fit; proper.” Webster’s New World Dictionary (3d ed). On the basis of an ordinary understanding of the language of the statute, the Legislature’s intent is that a standard of care expert must be able to testify regarding a fitting, suitable, and proper standard of care. From this, the significance of whether defendant Bhan was practicing critical care or internal medicine or both at the time of the alleged malpractice is obvious.
To help ensure that expert testimony regarding the standard of care will be appropriate to the underlying alleged malpractice event, MCL 600.2169(l)(a) requires that the expert must be a specialist in the same specialty as the defendant doctor. Further, if the defendant doctor is a board-certified specialist, the statute requires that the expert must be board-certified in that specialty. MCL 600.2169(l)(a) provides that the standard-of-care expert must meet the following criteria:
If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is hoard certified, the expert witness must be a specialist who is board certified in that specialty.
The majority concludes that plaintiffs expert witness is not qualified to testify under this subsection of MCL 600.2169(1) because he is not board-certified in *582 internal medicine. This conclusion assumes that defendant Bhan’s board certification in internal medicine sets the appropriate standard of care about which plaintiffs expert will testify. The majority’s assumption is premature.
Further, despite the majority’s claims to the contrary, ante at 578 n 5, the majority’s assumption trivializes the obvious legislative intent that the plaintiffs expert be able to testify about an appropriate standard of care, because, related or not to the underlying alleged malpractice event, the majority holds that plaintiffs expert must match defendant Bhan’s board certification. The real scope of the majority’s holding is revealed in its insistence that it must parse the meaning of the conjunction “however” and conclude that there is “no exception” to the MCL 600.2169(l)(a) requirements that specialties and board certifications match. I would hold that matching is required only where the specialty or board-certified specialty is appropriate for (right for the purpose of explaining) the standard of care about which the expert will be testifying in the case.
For these reasons, I would remand this matter to the circuit court for it to consider whether the nature of the underlying malpractice involved critical care medicine or internal medicine or both. This will allow the court to determine whether plaintiffs standard-of-care expert, who specialized in critical care, but who was not a board-certified internist, is qualified to testify against defendant Bhan at trial under MCL 600.2169(1).
CAVANAGH, J., concurred with WEAVER, J.